**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6726**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BILLY DEONANDRE HODGE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge. (4:08-cr-01082-TLW-1; 4:16-cv-02618-TLW)

Submitted: September 25, 2019                    Decided: October 3, 2019

Before MOTZ, AGEE, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Billy Deonandre Hodge, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Deonandre Hodge seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Hodge has not made the requisite showing.[*] Accordingly, we deny Hodge's motion to appoint counsel, deny a certificate of appealability and dismiss the appeal. We dispense with oral argument

---

[*]After the district court entered its judgment, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court held that the residual clause of the definition of crime of violence in § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336; *accord United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019) (en banc), *petition for cert. docketed*, 87 U.S.L.W. 3427 (U.S. Apr. 24, 2019) (No. 18-1338). However, we recently held that Hobbs Act robbery qualifies as a crime of violence under the force clause in § 924(c)(3)(A), which remains intact after *Davis*. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*